May I please reserve two minutes from 1 o'clock until you can hear both of those authors' arguments? Good morning, your honors, and it's been a pleasure to be here in this fine courtroom. This case, the issue before the court, is what really is the proper remedy for Mr. Moore, who is a state prison under state charges, but in custody of the federal government. What avenue or what procedure could be followed to challenge the classification of his status from being high security to what he claims is meaningful? Is it clear who made the justification? I believe it is in the record. There isn't anything in there. If your lawyer believes it means you don't want to know what's in your hand, at least the record establishes who did the justification. I'll take you somewhere else. I mean, we can pursue the answer. I guess I can say that I don't know for certain, but... Okay. Given that fact, since we don't know what the justification is, don't we have to establish that before we can resolve any of the rest of it? I think that would be an issue that would be appropriate for remedy. I believe that the government will also see... Why is that? Why is that? Is he able to state whether this was a justification made by the federal authorities? Your Honor, who are you referring to in the record? Well, Your Honor, I can't answer this case. I'm sorry. I'm not here to be a counselor. I'm trying to talk about the state of the record that we give that this was not established. If this is not a justification, then let's just assume that this is not a justification made by the federal government. What business do we have in having litigation with the federal authorities about something that almost they don't know at all? And that's a fair point, Your Honor. I believe that once the government conceded that it will be established, or at least agreed that it was the Bureau of Prisons that made this classification, pursuant to a contract upon statute, the prisoner was in custody of the federal government through the Bureau of Prisons. In speaking with the opposing counsel, I provided documents to lay out the procedure in which the Bureau of Prisons made this determination. In fact, it is not in the record. I believe the record is very scant. It was dismissed sua sponsae, without any briefing, and really all there is is that it is petitioned by my clients, and then the order for dismissal. And so there are problems, and I believe that a remand would be appropriate. There are many questions, I think, that will—sanctionable questions— that will relate on the bearing of this case as to whether the Bureau of Prisons followed in some procedure as well as whether any of the facts could necessarily or could lead to an earlier release from confinement. But on this scant record that we have right now, there really is just not enough information. Is there any reason to think that the level of security of the prison relates to the length of the sentence or confinement? I think there could be, but I can't say because we just don't have enough information really to— for me to say with any degree of confidence whether there would or would not be. And if the issue is whether the Bureau of Prisons followed in some procedures, would that be practically an EPA claim of some sort rather than a UPS claim? Well, and I was addressing the order in the briefing, and I've spent some time researching that issue since we've gotten the order. And what I can discern is that there necessarily isn't a straight claim under the Administrative Procedure Act that it would fall under Section 2241, which is the habeas standard to which law is that if somebody is held in violation of the Constitution or the laws of the United States or a treaty, that Section 2241 would be fine to mention since there's no such thing. And we have several cases from this circuit where the courts have done exactly that. The petition was brought as Section 2241, the habeas petition, but it was analyzed under the framework of the Administrative Procedure Act. And I believe that that would be the correct vehicle there, I'm sorry, so you're saying the case is brought under Section 241 but litigated as a habeas? That is the standard or the framework under which it's analyzed as to whether that person is confined in violation of the laws of the United States. If I could touch on a case that does that, would you give me some examples of what you're referring to there? Yes, Your Honor. There is a case from this circuit, Crickin v. Thomas. The citation is 579F3D978, and that's a 2009 case. And that was a Section 2241 habeas petition, which was analyzed under the Administrative Procedure Act as to whether the Bureau of Prisons properly enacted the limitations that it did in that case. Obviously, it had to do with the residents who were driving these treatment programs and whether there was a categorical exclusion of anyone who could get the extra year of review, at least if they had certain conditions. And so there were issues as to whether they followed the procedure. But it was clear there. It sounds like the length of the confinement was in play, and we don't know that from this complaint, do we? We don't know for certain. That's one of the problems. So what do we do with metals, the reason for the decision of this court? Well, metals were addressed in the state prisoner contest, and that is really the core issue, I think, here today, is that state prisoners have other available remedies that aren't present in this case. And my client, Mr. Moore, is not about to concede under the habeas. He has no remedy at all. Why do you say that? Why doesn't he have anything, any remedy? If he's suing the Bureau of Justice, which is a federal agency, why doesn't he have an Administrative Procedures Act? Well, I don't think that he does, but it has to be brought through the avenue of the habeas petition, and at least it's best that I can discern from the cases that he's analyzed that he has no grievance claim because he's not seeking any damages. He's only seeking injunctive relief. And this court has stated in Sumida v. McAfee, and that's a 2006 opinion, A20, S3P390, that payments are not available for a client. That's right, but the EPA usually provides for injunctive relief against federal agencies if that's appropriate. So I'm not sure why he – what would be different about him compared to other people who could bring an EPA claim. Maybe there is something. I'm just not aware of what it would be. The best that I can discern, Your Honor, is maybe there is a direct claim under the EPA. I'm not entirely sure. The cases that I've seen, they've been analyzed under the habeas claim. The only other one that I have is the case that's a 2006 opinion. Thank you. May it please the Court. My name is Kate Lawson. I represent the United States in responding in this matter. This Court should extend the holding of Netherlands as suggested by Judge Ravelin to all prisoners regardless of whether they are in judgment based on a state court judgment or a federal court judgment or whether they are in federal or state custody. To all benefits assured, we only challenge the fact or duration of his sentence in habeas, and all other actions related to the conditions of his confinement through a civil rights action, if at all. So if he is in federal prison, and he's challenging a decision that was made by the Bureau of Prisons, and he wants to challenge that decision in what level of confinement he's in, what kind of action does he have? With this, he would have to challenge section N outside of habeas because the conditions of his confinement, based on the language and standard that the Netherlands Court relied upon, applies equally to federal or state prisoners. Well, in prison, they have 1983 actions that can be brought, so is there an action that can be brought if you're challenging a decision of the Federal Bureau of Prisons? As in the Salida case that I've also referenced, it explicitly says that there doesn't need to be an injunctive remedy under the AP, or an injunctive remedy under benefits because the APA provides a waiver of sovereign immunity under section 702 for injunctive actions against agencies of the United States. So is there any reason that we shouldn't construe this action as an APA action for injunctive relief? Yes, Your Honor. As the Netherlands Court suggests in its decision, it said, well, we could construe this as a claim under 1983, but we're going to decline to do so without the petitioner's consent because there's two sets of framework. In his cases, it claims as to prison conditions. It claims as to prison conditions whether under the APA evidence, if DCA 1983 have to comply with the mandates of the PLRA, which has different filing restrictions, requirements, three strikes rules, and the petitioner without that opportunity may not want to bring that sort of thing. So is the appropriate action for us to take this way to remand for the district court to ask the petitioner whether he would like to have an APA claim or whether he's worried about the PLRA consequences? I submit that by upholding the dismissal on the district court's action, should the petitioner want to file another lawsuit, he could. However, under the APA, there's no jurisdiction to review his individualized discrimination as to his classification status. So the issue is really moved. Could you explain that? What's wrong under the APA? Why is it bringing a challenge? So in Reed v. Thomas, this court held that a petitioner may not challenge an individualized determination by the BOP as to classification status. There's explicitly in 18 U.S.C. 3625 a statement that there's no challenge under the APA to these same sections, which includes 3621, which has the criteria that the BOP evaluates the vacant prisoner classification status. So if that's true, we don't have an out-of-situation to state prisoners because the state prisoners, if they think the classification is in some way illegal or unconstitutional, could bring a 1983 action. I thought the reason we were saying we didn't get KBS is because there was an alternative, but now you're saying there is not an alternative. In either case, whether under 1983 or the APA, the court has jurisdiction to review that action. However, there's no relief that may be granted because of these cases as to individualized determination. And others throughout this court and other circuits have said if a prisoner is challenging their classification status, even if they're looking at a person such as the ADX in Florence, Colorado, under 23-hour lockdown, they can't challenge between prisons because it's not the type of claim where you would have a due process, right? Well, that may go to the merits, but is that a jurisdictional issue? So I tried to figure out, it looks like you're saying that there is no due process problem, but if you could think of some other frame and think of whether there would be jurisdiction or are you saying there's not even jurisdiction to bring a claim in any federal context? There is jurisdiction under the APA provided that the petitioner submits to the PLRA's requirements, but he would not get relief on the merits. Speaking of relief, Ms. Fawcett, I realize the original petition was filed Wednesday, but the relief song wasn't transferred to two specific institutions, one in Virginia and one in Massachusetts. What would give any federal court the ability to do that? So how could his relief ever be granted, and if you could jump to all of the other issues in the case? Your Honor, my reasoning of the petition is he's challenging his points, his classification status, and then argues that he wants to be transferred to two specific federal medium security prisons. And I agree that I don't think there's any relief that a federal court could say directing the Bureau of Prisons to send someone to a particular prison As under 3621 provides the number of factors that the Bureau of Prisons can consider in placing a prisoner, and there's quite a few cases out there that have said part of the provisions of the PLRA, as well as this waiver under 3625, is to avoid the federal judiciary getting involved in the day-to-day operation of the Bureau of Prisons, which involves a number of security issues and budget issues and everything else. Maybe so, but no. We don't care to direct them to be sent to a particular prison, but if it's in the form of litigation, he has his points down, but in the account of the Bureau of Prisons, we know some medium security institution, right? The Habeas case is pending, right? Yes, Your Honor. Okay. So if he had his points down, he was staying in a licensed security prison, the Bureau of Prisons would keep him there? There's no challenge, whether under Habeas, or due process to classification status available. I understand that, but... I still think there is. The Bureau of Prisons... I apologize for asking this question, but like Pat said, we can't direct him to be sent to a particular federal prison, right? Okay. But we'll forgive him. He has his receipts and his claims. He will get his points down, and he'd be classified as medium security, and with an account in the Bureau of Prisons not keeping him in a licensed security institution. There's also reasons they wouldn't keep a medium security prison out here than any actual security prison. The Bureau of Prisons has discretion to keep someone in a maximum security prison, regardless of their point level, because there's a number of different factors involved, including the offense conduct. For example, you know, this petitioner has a search warrant from North Dakota, and the USP Tucson is the only maximum security prison with a sex offender management program. That's just one of the factors that the BOP takes into consideration in its placement of prisoners. So what are the results? Well, there's no challenge to the classification status, because it's not presenting in a typical prison, because of this Bureau of Prisons discretion, and even if his points were changed, it wouldn't necessarily mean that he would be transferred alone. He wouldn't be transferred, because he's qualified. So obviously he is classified as maximum security. He's not going to be pulled out, but he could be pulled out if he gets his points down. But he would have been in a better position to have been for a long time. So in a sense, you guys, what did you get? Any meaningful relief? Well, he could be transferred to a different prison. That's still part of the BOP's discretion, and one that he can challenge through his administrative remedy program, but not through a federal court action. So what if he brings an administrative remedy challenge, and the prison makes a totally arbitrary decision? They read someone else's file, and they classify them based on someone else's file, something just completely arbitrary. Do your sectors know, actually, he can bring it on? Yes, Your Honor. In sum, while this action is not properly brought in habeas, it similarly should not be applied as an APA claim due to the requirements of the PLRA. What do you make of Hernandez-Campbell? Hernandez-Campbell, relating to the judge, the non-substantive judge providing a letter, there was no analysis in that case as to the scope of habeas relief. It was placed before you on the case, right? Yes. And you said you couldn't get relief? In that case, it was specific to the BOP. Yes, Your Honor. Yes. I'll let him know. He can explain it to us, or he can answer my question. And then we can decide. Yes, that claim was brought for subpoena 220-41. And we said we can get relief, right? The court did not do that analysis of the scope of habeas relief. I'm sorry? Yes. Well, no, you did say, we did say you could get relief, but we have to be saying non-substantive. Yes, the court provided relief. Okay. Why is there a non-substantive? Is it a non-substantive case? Or a non-substantive appeal that has momentum, meaning the bank's first bail letter is overruled? Why is the Hernandez-Campbell case here? As previously provided, there was not an analysis. It's published by a second opinion. Are you going to tell us, oh, we can second-guess the ruling of a deal of this court because of the disagreement with this analysis, or we thought this analysis was too short? You don't need to say that. Let me just start you better than that. The analysis of that case was also asked whether the POP had appropriately applied the statute in 3621, not as to its discretion in the factors of 3621. Well, you could say that 3621 was the right avenue for relief. Right? So why doesn't that, I'm just wondering, why doesn't that just answer the question here? If you want to move to a bank, you can, after you know this, you know, maybe we'll reconsider the payment as well. But why? Why isn't that the case? That's what I'm trying to pursue. That issue was also looking within the EPA framework and with the language in Scope and Scatter, which ELLs relies upon, is stating these prescriptions as to where Habeas Petition, Habeas Petition is. So what? I mean, you're stating facts, but what is your argument? Are you saying that those rules are something that doesn't say? Maybe you are. So you need to explain why. Well, Fernandez was not directly asking the question of what avenue he needed to bring that claim in. ELLs said, stated to the Johnson opinion and to the Scatter opinion, prescribing that Habeas relief is only available for challenging the factored duration of one's custody and not as to the conditions of confinement. To the extent that CFP's is still, as the three certain things did for Dawkin, I would say that Fernandez should be overruled. He should be overruled. We're not in a position to overrule anything either. The NELs did overrule it. Or, you have luck. So are you making the argument that NELs overruled Habeas? I don't remember reading that they said they did. Maybe you can tell me something else. As the NELs court cited, what was distinguishing Kramer, Close, and Fernandez, as they said, they did not address the scope of Habeas and did not shed any opinion on confinement for them. So to the extent that it implies that there is relief under Habeas for conditions of confinement claim, it has been overruled by NELs. I'm sure NELs and the interest of Fernandez face to say it's overruled. Do you want us to say it's overruled, the case was overruled, and fail to actually say it's overruled? I understand what you're saying. In as much as the court, the plurality opinion of NELs signed into those cases and said, disagreed with the dissent in finding that they were controlling because of this scope of relief challenge, which wasn't a part of the case or briefed in any court, you're saying? Let me ask you this. If we look at this and decide NELs did not overrule Fernandez, is Fernandez controlling? Let's say we look at NELs. We read that he leaves, and we say, no, Fernandez is not overruling. Why is Fernandez not controlling? Your Honor, I would say that Fernandez is not controlling because the NELs rule applies, but Fernandez also has to be a specific statutory application where it found that the NELs. I have a question. So, it comes with a remand, and Fernandez lives. I'd say that's what we're looking at. This thing called dismissive, because it says there's no avenue. I mean, if there's no avenue, why is this kind of thing for dismissive? And then, there's this thing called consortium. Your group is, you get a chance to talk about it, to have a discussion, and figure out whether maybe this makes sense. You follow the relief provided by the NELs. Why is there a remand issue? Fernandez is not applicable to classification decisions,  It said, it said, it said, it said, whether a location or conditions of a census decision was required to be fully known. That's a quote. But, whether a conditional was a challenge, and whether a location or condition of a census execution was required to be fully known. That is language that has been used that is inconsistent with the court's prior rulings in Crawford, as well as the court's later decisions in NELs. Yes, and if you, you know, the fact that it's a consistent prior decision, is either here or there, because it's a ruling of a court, and, you know, where it is, we're bound by it. If, if you think, you can use it that way. Now, the argument that it's a rule, but a subsequent in that case, is a plausible one, but I guess it's supposed to be a look at credentials, and say, Fernandez, it's not applicable to Fernandez. So you just said, it's a splendid, splendid use of it. Far from being the only option. So assuming that's, I don't think it would be a very good argument as to why NELs are promoting Fernandez, but maybe, maybe you're right. We'll go back. I think a lot less often than Fernandez survives NELs. Okay. So, assuming that to be the case, why isn't this, kind of, why isn't it so much as wrong, why not Fernandez, and this is something we said a minute ago, but it's a quite a short argument. The Fernandez decision, nevertheless, is looking, Fernandez decision, Fernandez decision, was still NEL, in the first place, in the first place. So, the Fernandez decision, was, looking at, part of the issue as, as to, this same framework under the EPA. So rather than, parse, putting EPA claims within a habeas petition, extending the logic to make between two classifications, one under habeas, one, everything else has to present conditions under the PLRA, is consistent with the holding in NELs that provides, that all of these claims are not within the core of habeas. If I'm understanding correctly, Fernandez itself, was a practical length of confinement issue, the length of the sentence, but I think Judge Kaczynski's been asking about language in that opinion, it makes it sound like other kinds of challenges can also be brought under 2241. The language, in Fernandez, as to, is, and it's the same language that gets repeated in other cases as well, this conditions of confinement, but I'll go back to it, but the, it's language that, as you pointed out, has been repeated in more than one case. I believe, that right, this language that makes it sound like 2241, challenges to be brought in. So, Charles, the man, our location, our conditions, the sentence, his execution, that sounds pretty broad, and that language is in several of our cases. The, the language that's been in several of the cases, the, the cases that, Petitioner states to, are involving the same things as well as under, as relates there, between 2241 and 2255, and, and has been essential to the holding of the case, and, as the Supreme Court, held to consider, there are non-cases where, Yeah, I mean, I think you're right. I, I have not found a case where it was applied to a condition, in exactly the kind of way that he's trying to use it here. So, now you're making an argument about whether we're not aware of dicta, right? So, I mean, do you have an argument that this is not reasoned dicta, or something like that, that you can offer us, that explains why we shouldn't call it this? I'm, I'm not, I'm not, I'm not, I'm not, I'm not, I'm not, I'm not, I'm not, I'm not,   Okay. I mean, I know it wasn't, if it was sort of dicta in the sense that those involved elects the issue or something, but do you know that there was any reason to whether he used his authority? In the, primal and close cases, as to the ARDA app program, the, conditions of compliant are not explicitly an issue, except just, it relates to its potential, such as, reduction to see also that the conditions of such as execution are in play is somewhat different than saying that there's a challenge to prison conditions, period. And as much as the execution of a sentence, let's more broadly to factor duration than it does necessarily to, for example, an eighth amendment claim, which you could, you could say, arguably, but has been repeatedly held to be in power in a civil rights action. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. I believe in the question, it has demonstrated some points here. Thank you. The discord has applied. 1722 41 to other cases before, where prisoners have been challenging things. They necessarily relate to the conditions of their confinement. And we have the Harrison versus all the same case. We didn't determine the best case. We have in several other cases in society. Can you point to anywhere? It's just clear that the length of the confinement was not an issue. No, I cannot. The cases that have addressed, it appeared to me where there was some relation to the length of confinement. But again, I think that without the little factual record that we have, I, I just can't say one way or the other, whether there is any possibility to reduce the length of this confinement or not. We just don't have any documents before us. And I don't think that the adults case could have overruled her. And it's related to an entirely different issue. And I think it even expressly said, we are not touching on the issue of federal prisoner context. And the reasoning there is that there is such a 1993, which was an alternative remedy. And that was really the hope in every case in there. Even the Supreme court cases are all in the state prisoner context, which is not here. And I see that. I have a question for you. I realize you're asking for this to reverse the dismissal of the union's position to remand from the person in the Supreme court. What is the belief that your client could have been, if they did that? It could be a reduction in the security classification. I think that that is ultimately what he is asking for. Is that he believes that under the procedures that have been followed correctly with the Bureau of prisons, and then he's responsible. And so that ultimately would be, I think the inquiry and the relief is whether the Bureau of prisons should go back and revisit his security classification analysis. And if they do that and they find it in his favor, then we just don't know what there could have been a possibility, which I think is a team issue as to whether that would ultimately lead to him being released from prison early. I think that's a sufficiently concrete benefit that I do want to showcase to the public. I mean, if the Bureau of prisons is actually leaving there when he is, and there's no, there's nothing we can do to force the executive to do any benefits to the local execution. Why isn't this just a theoretical benefit? I think that other, other cases have addressed that point. I believe, and I hope I'm not on here, but drinking versus Thomas and cops versus Thomas. Well, actually, excuse me. It was in the descendant that raised this point was even though it doesn't necessarily lead to their release, it could possibly lead to their release. And even though the Bureau of prisons still has discretion to deny, it doesn't mean I think we'll deny it. And therefore that there is a case of controversy there that ultimately could. Excuse me. It sounds like that's a losing argument. My, my. It doesn't buy into some state. This is something that the Bureau of prisons already did. No, that's it. Okay.
judges: Kozinski, Friedland, Bennett